## Commonwealth v. Clark

*Charles Mackin, Jr., Assistant District Attorney,* for Commonwealth.
*Daniel F. Glassmire, Jr.,* for defendant.

FINK, *P.J.,* March 3, 1981—A criminal complaint was filed against defendant, Eddie Clark, charging defendant with five offenses. The first, and by far the most serious offense, is the crime of homicide by vehicle. As to this charge, the wording in the criminal information sets forth that:

"[S]aid actor did unintentionally cause the death of another person, namely, Donald William Tillinghast, while engaged in the violation of a law or traffic regulation of the Commonwealth of Penn-

sylvania, to wit: the actor did knowingly and intentionally permit Donald Tillinghast to drive a 1972 Dodge car owned by the actor knowing or having reason to believe that subject Tillinghast was under the influence of alcohol and did not possess a valid operators license. The actor further permitted Tillinghast to drive the above described car owned by the actor which was not properly registered with the Department and did not display a current valid Inspection Sticker. BEING CONTRARY to 75 P.S. Section 3732."

The other charges are as hereinafter set forth:

"(2) Said actor did intentionally and knowingly permit another person, namely, Donald William Tillinghast, to drive a vehicle, a 1972 Dodge Challenger car, owned by the actor, knowing or having reason to believe that subject Tillinghast was under the influence of alcohol. BEING CONTRARY TO 75 P.S. Section 3731(a).

"(3) Said actor did authorize or permit another person, namely, Donald William Tillinghast, to drive a 1972 Dodge Challenger car owned by the actor knowing or having reason to believe the subject Tillinghast did not possess a current valid operator's license. BEING CONTRARY TO 75 P.S. Section 1501(a).

"(4) Said actor did intentionally and knowingly authorize or permit another, namely, Donald William Tillinghast, to drive a 1972 Dodge Challenger car owned by the actor knowing that the vehicle was not properly registered with the Department. BEING CONTRARY TO 75 P.S. Section 1301.

"(5) Said actor did intentionally and knowingly permit or authorize another person, namely, Donald William Tillinghast, to drive a 1972 Dodge Challenger car owned by the actor knowing that the

vehicle did not display a current valid inspection sticker. BEING CONTRARY TO 75 P.S. Section 4703(a)."

Defendant, through his counsel, filed an omnibus pre-trial motion for relief, the first four counts of which are motions to quash. Defendant's first count concerning his motion to quash is, in effect, a request for a bill of particulars. It is noted that defendant filed his omnibus pre-trial motion on December 31, 1980, alleging that although a request was made to the Commonwealth to supply a bill of particulars, there was no response by the Commonwealth to such request. We note that on January 7, 1981 the Commonwealth filed a "Response to Defendant's Request for Bill of Particulars" and in three separate numbered paragraphs answered with one word each, "(1) Denied."; "(2). Denied."; "(3) Denied.". It is unknown to this court what is denied and, further, we do not deem this to be an adequate response. On the other hand, in looking at defendant's motion to quash, we do not understand that the paragraphs under defendant's motion I allege a factual basis for requiring the Commonwealth to file a bill of particulars. Defendant, in essence, seeks to obtain information concerning the specific act of defendant to which the Commonwealth looks as the basis for a criminal charge. It is the belief of this court that such an act is quite clear from the content of the criminal information; namely, defendant allowed a visibly intoxicated person to operate his vehicle thereby causing the death of one Donald William Tillinghast. Thus, defendant's request for a bill of particulars is denied.

The second count is a motion to quash in the nature of a motion for discovery which was filed on

December 18, 1980 and answer to which was filed by the Commonwealth January 13, 1981. Appropriate ruling already appears on the record as made by the court on the bench at time of argument.

Defendant's third motion, another motion to quash, raises two constitutional questions, the first of which is violation of the due process clauses of the Pennsylvania and Federal Constitutions. The reason alleged is it is violative of due process for the legislature to grade an offense such as could involve a maximum of five years in prison when the crime does not involve mens rea. This court knows of no precedent or legal proposition so construing either Federal or state Constitutions' due process in such a manner. The second constitutional argument, however, is a more rational one. Defendant argues that the equal protection clause of the state and Federal Constitutions is violated in that the legislature has been arbitrary in singling out automobile operators for a more severe penalty (misdemeanor first degree) as compared with people using other instrumentalities such as pistols, rifles, etc., that result in death. The Commonwealth well argues that the equal protection guarantee of the Fourteenth Amendment does not preclude the state from making all classification and, indeed, it is well settled that a state may classify persons and objects for the purposes of legislation and applying the police power: District of Columbia v. Brooke, 214 U.S. 138, 29 S. Ct. 560 (1909). It is class legislation, discriminating against some and favoring others, that is prohibited by the equal protection guaranty: Douglas v. California, 372 U.S. 353 (1963). Therefore, the equal protection argument falls.

Defendant's fourth basis for motion to quash is, in effect, a demurrer to the first count of the criminal information charging homicide by vehicle. It is cer-

tainly arguable that the wrong section of the Vehicle Code is cited as being violated by the facts set forth in the criminal information. This was not raised by counsel for defense and in view of the discussion as set forth hereinafter, the criminal information will not be quashed for failure to cite the appropriate section. Nowhere in the criminal information or in the motions or in the omnibus pretrial motion appears 75 Pa.C.S.A. § 1575. It, no doubt, was the intent of the Commonwealth to charge that defendant violated this particular section which reads as follows: "No person shall authorize or permit a motor vehicle owned by him or under his control to be driven in violation of any of the provisions of this title."

At the very least, it could and should have been charged that defendant violated section 1575 under the facts as set forth in Paragraph 2 as above set forth which otherwise charges driving while under the influence. Apparently, the assistant district attorney in preparing the criminal information looked at the (b) subsection of section 1575 which says in its pertinent part: "Any person violating the provisions of subsection (a) *is guilty of the same offense* as the driver of such vehicle and subject to the same penalties. . . ." (Emphasis supplied.) Subsection (b), however, purports to set out the "penalty" as that is the title of the subsection. It is, thus, held by this court that the violation would be subsection (a) and that reference made to defendant being "guilty" of the same offenses has only to do with penalty and does not mean that defendant should be charged with the particular section with which the driver could have been charged in instances where it is alleged that defendant permitted the driver to operate the vehicle in violation of any provision of the code.

Notwithstanding the inappropriate reference to the sections of the code, the view of this court is that defendant, in fact, was made aware of the essence of the charge or charges against him and, thus, the improper reference to the section will not cause the information to be quashed, particularly as the issue was not raised by the pleadings or the argument.

The most interesting argument, however, is presented after all parties are made aware of precisely what is being charged, namely, that defendant authorized or permitted a motor vehicle owned by him to be driven in violation of section 3731(a), namely, operating a vehicle while under the influence which, in turn, resulted in the death of Donald William Tillinghast. It is the opinion of this court that this factual situation does indeed charge offenses under the code, viz., sections 1575, 3731(a) and 3732. There is, likewise, no doubt that as to the portion of paragraph 1 alleging that Tillinghast was allowed to operate the vehicle when he did not possess a valid driver's license or when defendant's automobile did not have a proper registration or proper current valid inspection sticker, there is no offense charged. It seems clear to this court that there must be a basic understandable causal relationship between the act or omission as charged and the ultimate result of the death of one Donald William Tillinghast. It is obvious that there could not be such a causal relationship between the failure of the driver to have a valid operator's license or the failure of the car to be properly registered or having a proper inspection sticker on the one hand and the death of the driver on the other. However, it is likewise clear to this court that if defendant knew or should have known that the driver of the vehicle was intoxicated at the time he gained permission from defendant to use defendant's vehicle and intox-

icated to the degree and to the extent that would render him incapable of safe driving and, further, that because of the driver's condition he was involved in an accident which caused his death, it is the belief of this court that criminal conduct is duly charged. Of course, proof of the charges may be an entirely different matter but that is not before us at this time.

To point out the reason for the holding of this court perhaps the justification therefor could be more easily seen by a slightly different factual situation. Suppose, for instance, that defendant allowed a six year old child to get behind the wheel of a vehicle and started it in motion for that child allowing it to be operated on the highway. The child, because of lack of ability and experience and being unable to properly guide the vehicle, was involved in an accident which took the life of said child. There is little doubt in the mind of this court that section 1575 of the Vehicle Code would be violated in that defendant knowingly allowed a person under the age of 16 years who was not licensed to operate the vehicle and because of allowing this violation, a death occurred. Therefore, defendant would properly be charged with having committed homicide by vehicle through the violation of section 1575. If, on the other hand, defendant allowed an experienced driver who had lost his license and had not recovered same to drive a vehicle knowing that the driver was unlicensed at the time and the driver was ultimately involved in an accident causing his death, there would not be a violation because there would be no causal connection or relationship between defendant allowing technical violation of the Vehicle Code, viz., driving without a license, and the accident and ultimate demise of the driver arising therefrom.

We, therefore, dismiss defendant's fourth motion to quash.

In regard to the fifth motion, viz., a motion to suppress, it is clear from the evidence that the officer was clearly in the process of investigating an accident which caused a death without at that time having any objective of criminal process in mind or focusing his attention of the investigation upon any individual as to possible criminal conduct. It is, therefore, clear that any fruits of the officer's investigation gained during the investigatory stage would be properly used by the Commonwealth as evidence against defendant and, accordingly, defendant's motion to suppress is dismissed.

The parties are directed to proceed to trial.

## ORDER

And now, March 3, 1981, the omnibus pretrial motions of defendant are dismissed.